ORIGINAL

FILED

08/09/2022

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 22-0422

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 22-0422

ANTHONY WEIMER,

Petitioner,

v.

MONTANA ELEVENTH JUDICIAL DISTRICT
COURT, FLATHEAD COUNTY,
HONORABLE HEIDI J. ULBRIGHT, Presiding,

Respondent.

FILED

AUG 0 9 2022

Bowen Greenwood
Clerk of Supreme Court
State of Montana

O R D E R

Anthony Weimer petitions this Court for supervisory control over the Eleventh Judicial District Court, Flathead County, and District Court Judge Heidi J. Ulbricht. Weimer contends that the District Court erred in denying his pretrial motions, "rendering the normal appeal process inadequate and prejudiced any preservation of the issues herein for appeal." He concludes that the District Court is proceeding under a mistake of law, causing a gross miscarriage of justice, and that this Court should accept jurisdiction. He includes a copy of the court's Order. The court has set trial for August 22, 2022.

Supervisory control may be appropriate on a case-by-case basis. "This extraordinary remedy can be invoked when the case involves purely legal questions and urgent or emergency factors make the normal appeal process inadequate." *State v. Spady*, 2015 MT 218, ¶ 11, 380 Mont. 179, 354 P.3d 590 (citing M. R. App. P. 14(3); *Redding v. McCarter*, 2012 MT 144, ¶ 17, 365 Mont. 316, 281 P.3d 189).

This Court is familiar with Weimer's history. On October 12, 2021, this Court reversed Weimer's conviction of criminal mischief because no written waiver of Weimer's right to a jury trial was included in the record on appeal. *State v. Weimer*, No. DA 21-0075, 2021 MT 266N, ¶ 9, 2021 Mont. LEXIS 809. We remanded the matter to the District Court for a new trial. *Weimer*, ¶¶ 9-10. Earlier this year, Weimer filed a writ of supervisory

control, arguing that the District Court had violated his speedy trial rights and that the court has not dealt with his pretrial motions. This Court denied his writ. *Weimer v. Eleventh Judicial Dist. Ct.*, No. OP 22-0105, Order (Mont. Mar. 15, 2022).

It now appears that the District Court has dealt with Weimer's pretrial motions, and that Weimer does not like the outcome. This Court reviewed the attached July 6, 2022 District Court's Findings of Fact, Conclusions of Law, and Order on Defendant's "Notice of Motions Pretrial Motions of Defendant." The District Court denied Weimer's motion for "Countercharge;" "Motion for Order of Abatement;" and "Motion to Dismiss for Facial Deficiency and Raised Defenses." The court granted his motion in authorizing the State to produce any document within its possession or control as detailed in its Order.

We are once again not inclined to accept jurisdiction of this original proceeding. Having reviewed his pleadings, we conclude that Weimer has not established purely legal questions or the existence of urgency or emergency factors. M. R. App. P. 14(3). This Court has held previously that the District Court has "authority to control trial administration." *State ex rel. Guarantee Ins. Co. v. Dist. Ct.*, 194 Mont. 64, 67-68, 634 P.2d 648, 650 (1981). The District Court has inherent power to exercise its discretion in deciding any pretrial motion. The District Court made findings based on the record before it, drawing its conclusions on Montana law. Weimer's citations to federal law are unavailing in a state court. Weimer does not elaborate on how any preservation of an issue for appeal is prejudiced.

Weimer is not entitled to supervisory control because Weimer has not satisfied the first element for consideration of this writ. We further conclude the District Court is not proceeding upon a mistake of law, causing a gross injustice. M. R. App. P. 14(3). Weimer retains the remedy of a direct appeal for which the entire record would be available to this Court. M. R. App. P. 4(1)(a), 4(5)(b)(i), and 6(2). Therefore,

IT IS ORDERED that Weimer's Petition for Urgent Writ of Supervisory Control is DENIED and DISMISSED.

2

IT IS FURTHER ORDERED that Weimer's request for stay and other requests are DENIED, as moot.

The Clerk is directed to provide a copy of this Order to: the Honorable Heidi J. Ulbricht, Eleventh Judicial District Court, Flathead County; Peg Allison, Clerk of District Court, Flathead County, under Cause No. DC-20-207(C); counsel of record; Stacy Lynne Boman, Deputy County Attorney; Office of Public Defender, Kalispell, MT, and Ryan Hennen, Stand-by Counsel, along with a copy of Weimer's Petition; and Anthony Weimer personally.

DATED this 9th day of August, 2022.

_____
Chief Justice

_____

_____

_____

_____
Justices

3